UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01263-RGK-SHK | Date | October 12, 2021 |
|---|---|---|---|
| Title | *Jordan Webb v. Wilhelm LLC* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Re: Plaintiff's Motion to Remand [11]

## I. INTRODUCTION

On May 28, 2021, Jordan Webb ("Plaintiff") filed a complaint in San Bernardino Superior Court against Wilhelm LLC ("Defendant"), alleging state law claims for discrimination, harassment, and retaliation in the workplace. Defendant subsequently removed the action to this Court based on diversity jurisdiction under 28 U.S.C. § 1332. (Notice of Removal, ECF No. 1.)

Presently before the Court is Plaintiff's Motion to Remand this case. (ECF No. 11.) For the following reasons, the Court **DENIES** Plaintiff's Motion.

## II. FACTUAL BACKGROUND

In her complaint, Plaintiff alleges the following:

Plaintiff worked for Defendant as an office manager from February 27, 2019 until she was forced to resign on August 7, 2020. Defendant discriminated against Plaintiff because of her sex and perpetuated a hostile work environment where Plaintiff's responsibilities, hours, and pay were less than those of her male colleagues. Defendant broke promises to Plaintiff to increase her pay and change her title. After Plaintiff reported these broken promises to human resources, Defendant took responsibilities away from her and assigned them to male colleagues. Senior management left many of Plaintiff's emails and suggestions unanswered, and for three months, stopped communicating with Plaintiff entirely.

Plaintiff learned that Defendant also discriminated against other women in the office. For instance, Defendant's former controller, Mr. Mead, told Plaintiff that Defendant "would not hire any attractive women to work in the office because he did not want the men to be distracted." (Compl. ¶ 42, ECF No.1.) Mr. Mead also told Plaintiff that he witnessed a senior manager "berate and demean" a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01263-RGK-SHK | Date | October 12, 2021 |
|---|---|---|---|
| Title | *Jordan Webb v. Wilhelm LLC* | | |

female colleague "in front of her co-workers and continued to do it while he followed her to her car." (*Id*. at ¶ 43.)

In July 2020, Defendant implemented new company policies, including a policy that prevented employees from accessing company information from a personal computer or cell phone. This policy change prevented Plaintiff from performing her work because she lived in Southern California but worked on projects in Northern California. Defendant, however, failed to accommodate Plaintiff's situation and ignored her numerous attempts to procure a company computer. Eventually, on August 7, 2020, Plaintiff emailed human resources to explain that "she believed [Defendant] was terminating her position by not assigning her any work" and resigned. (Compl. ¶ 54.) Months later, Plaintiff sued her former employer for discrimination, harassment, and retaliation.

### III.    JUDICIAL STANDARD

A defendant may remove a case from state to federal court when the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states, and the action involves an amount in controversy that exceeds $75,000. The defendant removing the case to federal court bears the burden of establishing the jurisdictional facts. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006). When a plaintiff contests a jurisdictional fact, the defendant must establish that fact by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992) (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). All factual allegations in the complaint are evaluated in the light most favorable to the plaintiff. *Saridakis v. United Airlines*, 166 F.3d 1272, 1275–76 (9th Cir. 1999).

Courts must "strictly construe the removal statute against removal jurisdiction" and must remand an action "if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. A court "resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2000).

### IV.    DISCUSSION

The parties dispute whether they are completely diverse. Defendant asserts that Plaintiff is a citizen of California while Defendant is a citizen of Georgia; but Plaintiff asserts that both parties are citizens of California. Because Plaintiff contests a jurisdictional fact, the burden is on Defendant to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01263-RGK-SHK | Date | October 12, 2021 |
|---|---|---|---|
| Title | *Jordan Webb v. Wilhelm LLC* | | |

establish complete diversity by a preponderance of the evidence.[1] The Court finds that Defendant has satisfied its burden and therefore denies Plaintiff's Motion to Remand.

Defendant is a limited liability company ("LLC"). An LLC "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). It is not a citizen of the state in which it was formed or does business. *Id*. Therefore, whether Plaintiff and Defendant are diverse depends on the citizenship of the individual members of Defendant's LLC: William Ulm and James Kelley. The citizenship of a natural person is his state of domicile, the place where he "resides with the intention to remain or to which [he] intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Plaintiff argues that Ulm and Kelley's domicile is in California because the address listed under their names on Defendant's Statement of Information, which Defendant filed with the California Secretary of State, is a California address. (Statement of Information, ECF No. 10-1.) However, the California address listed—11990 Heritage Oak Place, Suite 3—does not appear to be a residential address, but rather Defendant's business address. (*See id.* (listing 11990 Heritage Oak Place, Suite 3 as the business address).) Defendant explains that the California address is indeed a business address, which the members opted to use on this public record. Ulm and Kelley each declare that they reside in Georgia, are registered to vote in Georgia, have Georgia driver's licenses, registered their cars in Georgia, and receive their paychecks at their residences in Georgia. (Ulm Decl. ¶¶ 5–9; Kelley Decl. ¶¶ 5–9.) These facts are sufficient to establish that Ulm and Kelley are domiciled in Georgia, and therefore that Defendant is completely diverse from Plaintiff, a citizen of California.

**V.      CONCLUSION**

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand.[2]

**IT IS SO ORDERED.**

_____ :  _____

---

[1] In its Notice of Removal, Defendant sufficiently alleges that the amount in controversy exceeds $75,000, and the parties do not dispute that fact.

[2] Plaintiff also requests that the Court award $2,835 to Plaintiff to recuperate the costs of filing this Motion because Defendant "lacked an objectively reasonable basis for" removing the case. (Pl.'s Mot. at 7.) However, because the Court has found that Defendant has met its burden to justify removal, the Court denies Plaintiff's request.